**Pamela K. Heggie BROWN,**
**Plaintiff/Appellee,**

v.

**Grandon HEGGIE, Defendant/Appellant.**

Court of Appeals of Tennessee,
Western Section, at Nashville.

Nov. 24, 1993.

Application for Permission to Appeal
Denied by Supreme Court
April 4, 1994.

David D. Wolfe, Dickson, for defendant/appellant.

Robert L. Littleton, Dickson, for plaintiff/appellee.

FARMER, Judge.

Grandon Heggie (Father) was found by the trial court to be in arrears in payment of child support in excess of $15,000. He appeals, contending that the effect of the ruling below was to order a retroactive increase in child support payments.

The divorce decree entered in 1982 provided that Husband was to pay $50 per week for the support of each of the parties' three minor children for a total of $150. Father's subsequent petition to reduce support payments resulted in the entry of an order on June 14, 1983 which provided:

[T]he child support payments are temporarily reduced from $150.00 per week to $50.00 per week, and that the Petitioner is further ordered to resume payment in the amount of $150.00 per week upon being re-employed.

Wife filed a petition for contempt which was heard March 26, 1984. The court entered an order which stated that Father did not have proper proof as to what employment he had following the hearing of June 14, 1983, and the matter was continued on the court's own motion, reserving the question of contempt and arrearage until the subsequent hearing. That matter was ultimately heard on August 6, 1984. For some reason, the order reflecting the August 6, 1984 hearing was not contained within the court file. However, the chancellor found that the docket sheet reflects the court's ruling and an unsigned copy of the order was made an exhibit at trial. The chancellor further found that both parties relied upon that order and the parties are in agreement that the exhibited order, approved by attorneys for both parties, accurately reflects the ruling of the circuit judge that heard the matter.[1] The order recites that the court found Husband to be in arrears in the amount of $2,800 and

[F]urther the respondent pay Seventy–Five Dollars, ($75.00) a week child support

and be required to furnish the petitioner copies of his 1984 and 1985 tax returns.

. . . .

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the original decree in this cause granting the divorce is modified and that the respondent is ordered to pay to the petitioner the sum of Seventy Five Dollars, ($75.00) per week child support.

The trial court found Husband not to be in contempt and it is undisputed that the $2,800 in arrearages was paid.

Pursuant to agreement of the parents, an order was entered June 22, 1988 which recites as follows:

It appearing to the Court from statement of counsel and the respective signatures of the parties below, that the parties hereto have agreed as follows:

That legal custody of the parties' sixteen (16) year old child, Bruce, shall remain with the mother, but the father, Grandon Heggie, shall have physical custody of the child for a period of one (1) year and during that one (1) year period of time the father shall not be obligated to pay any support. That Grandon Heggie shall pay to Pamela Kay Brown the sum of twenty-five dollars ($25.00) per week per child for the remaining two (2) children, Kevin and Connie. The Court finds the same to be fair and equitable and is pleased to grant the same.

It is, therefore, ORDERED, ADJUDGED AND DECREED that for a period of one (1) year, the physical custody of Bruce Heggie shall be with the father, Grandon Heggie, while legal custody shall remain with the mother, Pamela Kay Brown. During the period of time that the father has physical custody, he will not be obligated for any support payments.

It is further ORDERED, ADJUDGED AND DECREED that Grandon Heggie shall pay to Pamela Kay Brown the sum of twenty-five dollars ($25.00) per week, per

---

1. By order of June 27, 1990, this case was transferred from the Circuit Court to the Chancery Court of Dickson County.

child, for the parties' children, Kevin and Connie.

Wife filed another petition seeking an increase in child support for the one remaining child and asking the court to determine the amount of arrearages. Following a hearing, the court entered an order on February 22, 1993 from which Father appeals.[2]

The chancellor found that the relief sought under the 1983 order was intended to be temporary, as stated in that order, and that the August 6, 1984 order reflects this fact by setting the arrearages. The 1993 order further provides:

> In the same August Order the Respondent's child support was reduced to SEVENTY–FIVE DOLLARS ($75.00) per week. The Court finds that prior to the August 6, 1984 hearing the Respondent was current in the payment of support, and that the August 6 reduction of support shall be deemed to be temporary, and the Respondent shall be responsible for paying the ONE HUNDRED FIFTY DOLLARS ($150.00) in support required under the original decree for each week during the period from August 6, 1984 until June 4, 1988 when the oldest child turned eighteen (18) years old. At that point, the Respondent shall be responsible for paying ONE HUNDRED DOLLARS ($100.00) per week until June 24, 1988 when an Agreed Order was entered reducing his support payments to TWENTY–FIVE DOLLARS ($25.00) per week. The Court finds that [the] Respondent is current in support payments since that date.

The order went on to say:

> The Petitioner also seeks an award for child support arrearages and from the testimony of the parties and the record in this case, the Respondent is technically correct in his assertions that he is current in the payment of child support under the prior orders of this Court. However, the Court is a Court of Chancery and is going to do what ought to be done.

Having found that Husband was current in the payment of child support under the prior orders of the court, Husband contends that the chancellor erred in finding him to be in arrears and, in effect, ordering a retroactive increase in support payments. T.C.A. § 36–5–101(a)(5) provides:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties.

In *Rutledge v. Barrett,* 802 S.W.2d 604 (Tenn.1991) our supreme court, in an opinion authored by Justice Daughtrey, set forth the background which led to the amendment of T.C.A. § 36–5–101. The court noted that prior to the amendment, modification was permitted "only upon a specific written finding that the obligor was unable to pay the full amount of such allowance through no intentional fault of his or her own *and* that the facts of the case require such a modification retroactively in order to meet the ends of justice." *Rutledge,* 802 S.W.2d at 605–06 (quoting T.C.A. § 36–5–101 (Supp.1986) (emphasis in original)). The opinion further states:

> The new amendment became effective March 27, 1987. It has since been held to prevent the reduction of child support arrearages in several unreported decisions of the Tennessee Court of Appeals. We agree with these rulings. The language of the 1987 amendment could not be more clear. Retroactive modifications are plainly unauthorized; prospective modifications can be made, but only after notice as provided in subsection (a)(5). . . .
>
> . . . . .
>
> . . . Tenn.Code Ann. § 36–5–101 permitted reduction of arrearages when the obligor was "unable to pay through no fault of

---

2. Father does not take issue with the provisions of that order increasing child support to $375 per month and extending support for the one remaining child until her class graduates high school.

his own" and when retroactive modification was necessary "to meet the ends of justice."

Those provisions are conspicuously absent from the provision in § 36–5–101(a)(5), which now controls this case. The 1987 amendment specifically bars retroactive modification and puts the burden on the obligor to come into court and seek any current or prospective relief to which he may be entitled, by means of a formal court order. To permit the interposition of traditional equitable defenses to the enforcement of child support orders would obviously defeat the very purpose of the amendment, by creating a situation where exceptions could easily swallow up the rule.

*Id.* at 606–07.

T.C.A. § 36–5–101(a)(5) clearly provides that an order for child support is a judgment not subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice to the opposing parties. The statute makes no distinction between retroactive increases or decreases. Likewise, the holding in *Rutledge v. Barrett* provides that the statute specifically bars retroactive modification.

Upon reviewing the August 1984 order, the order specifically states that the original decree is modified in that Father is ordered to pay the sum of $75 per week child support. We have concluded that the trial court erred in its interpretation of that order and in applying equitable principles which have the effect of retroactively modifying the court's previous orders setting the amount of support to be paid by the father. All child support orders are "temporary" to the extent they can be modified upon a showing of a substantial and material change of circumstances. T.C.A. § 36–5–101(a)(1). The chancellor found that Father was current in his payment of child support under the prior orders of the court. It results that the judgment of the trial court awarding an arrearage in child support is reversed. The judgment in all other respects is affirmed. The costs of this cause incurred on appeal are taxed to the appellee, for which execution may issue if necessary.

TOMLIN, P.J. (W.S.), and CRAWFORD, J., concur.