IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 22, 2002

## MARK TINSLEY v. SUZANNE RENEE TINSLEY

**Appeal from the Chancery Court for Cheatham County**
**No. 19146-C     Robert E. Burch, Chancellor**

---

### No. M2001-02319-COA-R3-CV - Filed November 1, 2002

---

Mother sought modification of child support and a judgment against Father for contempt in the form of retroactive child support due to his failure to supply her with a yearly statement of his income as required by the final divorce decree.  The trial court ordered a modification of the prospective child support, determining the amount of the obligation by averaging Father's fluctuating income for the three years prior to the hearing and awarded Mother a $54,192.00 judgment for retroactive child support during the five years that Father failed to provide his income statements to Mother.  Because the trial court correctly calculated the prospective child support obligation, we affirm the amount of Father's monthly obligation in the amount of $1,300.00 from the date the petition was filed.  However, because the trial court has no authority to award retroactive child support modification, we vacate the $54,192.00 judgment for retroactive child support.  We remand the case for further proceedings to set reasonable attorney fees.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Affirmed in part, Vacated in Part and Remanded

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Grayson Smith Cannon, Goodlettsville, Tennessee, for the appellant, Mark Tinsley.

Jennifer F. Noe, Ashland City, Tennessee, for the appellee, Suzanne Renee Tinsley.

### OPINION

This appeal involves a petition for modification of child support filed by Suzanne Renee Tinsley ("Mother") against Mark Tinsley ("Father") nearly nine (9) years after the entry of the divorce decree and initial order of support.

## I. Facts

Mother and Father were divorced on July 30, 1992. As a result of the divorce, Mother was awarded custody of the parties' two minor children. The court set child support at that time in accordance with the child support guidelines at four hundred twenty-five dollars ($425) per month. Also explicit in the final decree was the requirement that Father provide his tax return information to Mother by June 1 of each year. Father was self-employed as a drywall contractor, and his income fluctuated from year to year.[1]

On March 22, 2001, Mother filed a petition for increase in child support alleging: (1) that Father failed to provide a copy of income tax returns[2] in contempt of the final decree; (2) that there has been a significant change in circumstances warranting an increase in child support; and (3) that she be awarded attorney's fees. Mother then amended her petition on April 11, 2001, by adding a request for retroactive child support as punishment for Father's contemptuous behavior in failing to furnish his income information.

Father answered the petition denying that he was in contempt of court and asserting the affirmative defense of laches due to Mother's failure to request modification of child support during the nine years that had elapsed since the entry of the divorce decree.[3] Father also argued that the trial court had no power to retroactively modify a child support obligation.

The trial court heard the matter on June 29, 2001, and issued a final order on July 23, 2001, which states as follows:

1.     Defendant's [Mother's] Petition for Increase in Child Support and Contempt is well taken.
2.     The Plaintiff [Father] has had a significant increase in income to warrant an increase in Child Support.
3.     The court has reviewed Plaintiff's income and hereby sets child support at $1,300.00 which is arrived from averaging his 1998, 1999, and 2000 income due to Plaintiff being self employed and owning his own construction company. In determining child support, the court makes the following finding of facts: (a) Plaintiff's tax return for 1999 showed an income of

---

[1] The final decree of divorce does not appear in the record on appeal, however, neither party disputes the characterization of the mandates set forth in the final decree.

[2] Mother later admitted that after her request Father provided a copy of his 1999 tax return prior to the date she filed the petition for an increase in child support.

[3] We reject Father's argument that Mother is guilty of laches. In order to establish such a bar, more than a delay must be shown. *Murphy v. Emery*, 628 S.W.2d 895, 897-98 (Tenn. 1982). Furthermore, the Tennessee Supreme Court has determined that equitable defenses such as laches do not apply to actions that are brought to modify child support *See Rutledge v. Barrett*, 802 S.W.2d 604 (Tenn. 1991).

-2-

$58,516.00 after adding back in his depreciation deduction of $6,979.00. (b) Plaintiff's tax return for 1999 showed an income of $88,255.00 after adding back in his depreciation deduction of $3,003.00. (c) According to Plaintiff's testimony and his Exhibit 9,[4] his estimated income for 2000 was $88,255.00. (d) Plaintiff showed proof where he has filed an extension of time to file his 2000 income tax return. (e) The court finds that the Plaintiff's average yearly net income after deducting 12.4 percent for his income for Social Security, 2.9 percent of his income for medicare and his federal income tax is $48,780.00 or $4,065.00 a month. (f) Thirty two percent of his gross income for two children brings his child support at $1,300.00 per month. . . .

4.  The court finds that the Plaintiff did not obey the Court's Order and is in contempt for not providing his income tax return since 1997. The court holds that due to his contemptuous behavior that it is equitable to award an increase in Child Support retroactively prior to the filing of the Petition until January 1, 1997. Child support of $1,300.00 per month is set retroactively to January 1, 1998. Retroactive child support for 1997 is set at $616.00 per month. This brings the Plaintiff's total retroactive child support to $54,192.00 and a judgment is hereby entered against him for said amount.

5.  The Defendant is awarded her attorney fees of $1,200.00 which the court finds as reasonable and necessary. The court further finds that this action was brought for the benefit of the children and therefore an award of attorney fees is appropriate.

Father appeals the judgment of the trial court and has submitted a statement of the evidence in accordance with Tenn. R. App. P. 24(c) as there was no transcript available of the hearing. The statement of the evidence reiterates the findings of the trial court stated above and succinctly recounts the testimony from the hearing in the trial as follows: (1) Mother testified that she took no action against Father regarding his claimed failure to furnish tax returns and did not seek a modification of child support between 1992 and 2001 due to finances; (2) Father testified that he continued to remain self-employed as a drywall contractor, had provided Mother with some of his tax returns, and that he usually did not have his returns completed until October of each year although he could not show any proof of mailing or giving returns for previous years to Mother; (3) the parties stipulated to Father's tax returns for 1997 through 1999, the statement of Father's income for the year 2001, and the projection that his income from 2000 would be substantially similar to his income in 1999; and (4) Mother did not present any proof regarding the method of calculation for her requested attorney's fees of $1,200.00.

On appeal Father argues that: (1) the trial court erred in calculating the modification in child support by only considering his income from 1998, 1999, and the projected income statement from

---

[4] Exhibit 9 was submitted by Father as a proposed calculation of Father's current support obligation and contains an income summary for Father for the years 1997, 1998, 1999, and 2000, that was prepared by his current wife, Carla Bailey Tinsley, a certified public accountant.

2000; (2) the trial court erred in retroactively modifying child support to January 1, 1997, and declaring an arrearage judgment for support back to January 1, 1997, as retroactive modification is prohibited by Tennessee law; and (3) the trial court erred in awarding attorney's fees of $1,200.00 to Mother when no evidence was presented as to whether the fee was reasonable and necessary. Mother argues that the trial court was correct in its child support calculations, the award of retroactive child support, and the award of attorney's fees. Mother also argues on appeal that she should be awarded attorney's fees for the costs associated with the appeal. For the following reasons, we affirm in part, reverse in part, and remand.

## II. Child Support

Every parent is obligated to support his or her children during their minority, Tenn. Code Ann. § 34-1-102, and the extent of the duty to support depends on the parent's ability to provide that support. *State ex rel. Grant v. Prograis*, 979 S.W.2d 594, 600-01 (Tenn. Ct. App. 1997). Accordingly, relevant statutes and regulations governing child support are intended "to assure that children receive support reasonably consistent with their parent or parents' financial resources." *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248-49 (Tenn. Ct. App. 2000).

When, as in this case, a marriage is dissolved, courts are authorized by statute to provide for the future support of minor children by fixing a definite amount to be paid on a specified regular basis. Tenn. Code Ann. § 36-5-101 (a)(1) and (a)(2)(A). Further, courts are directed to apply the child support guidelines promulgated by the Department of Human Services in determining the amount of any such support. Tenn. Code Ann. § 36-5-101(e)(1). The child support guidelines require a noncustodial parent to pay a support amount which is determined by "a flat percentage of the obligor's net income." Tenn. Comp. R. & Regs. ch. 1240-2-4-.03(2). The amount dictated by the guidelines is to be applied by the courts as a rebuttable presumption of the correct amount of support. Tenn. Code Ann. § 36-5-101(e)(1).

### A. Prospective Child Support

We first address the award of prospective child support by the trial court from July 2001 forward. The trial court set the amount of that obligation on the basis of the father's income in 1998, 1999, and 2000.

Because the child will receive prospective support based upon the court's determination of the obligor parent's income, "[d]etermining the amount of the non-custodial parent's income is the most important element of proof in a proceeding to set child support . . . and when considering requests for modification of an existing support obligation." *Turner v. Turner*, 919 S.W.2d 340, 344

-4-

(Tenn. Ct. App. 1995).[5] The goals of the child support guidelines are best fulfilled by use of current, accurate information regarding the obligor parent's income.

The guidelines specifically recognize that the court needs reliable information regarding the "current ability to support" when establishing or modifying a support order. Tenn. Comp. R. & Regs. 1240-2-4-.03(3)(e) and (f). Because child support is based on income, an award for future support, including a prospective modification, is necessarily based upon most recent actual income.

Where an obligor parent's income is subject to variation, averaging is appropriate to determine net income for the purpose of calculating child support. *Alexander v. Alexander*, 34 S.W.3d 456, 460 (Tenn. Ct. App. 2000).[6] Father does not dispute the use of averaging to determine his income for purposes of setting child support. He merely claims that additional time periods should have been included. Herein, the trial court utilized Father's gross income from 1998, 1999, and 2000 to find an average income and set the amount of prospective child support.[7] At the hearing, Mother and Father stipulated to his income for 1997 through 1999 and a projection that his income from 2000 would be substantially similar to his income in 1999. Father also presented a statement showing his income for the first six months of 2001 and proposed doubling that amount to estimate his income for the year. Father now argues that the trial court should have used his income from the years 1997 through 2001 to determine his prospective child support obligation, rather than using 1998 through 2000, because his income in 1997 and 2001 were substantially less than his income in other years and would, if averaged, lower the amount of his monthly child support obligation by several hundred dollars. He asserts his income for 1999 and 2000 was anomalous when viewed in

---

[5]In the case of a modification of an existing support order, the governing law is Tenn. Code Ann. § 36-5-101(a)(1), which states:

> In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed.

A significant variance is defined as "at least 15% if the current support is one hundred dollars ($100.00) or greater per month and at least fifteen dollars ($15.00) if the current support is less than $100.00 per month." Tenn. Comp R. & Regs. 1240-2-4-.02(3) (1997). Father does not dispute that his income has increased and that an upward modification is justified.

[6]The guidelines specifically allow averaging in determining gross income when establishing a prospective award: "[v]ariable income such as commissions, bonuses, overtime pay, and dividends, etc., should be averaged and added to the obligor's fixed salary." Tenn. Comp. R. and Regs. 1240-2-4-.03(3)(b). Although that provision of the guidelines applies to variable components of income, the reasoning is just as applicable to situations where a parent is self-employed or whose total income is variable.

[7]Neither party disputes the trial court's calculation of the amount of support based on the income used.

the context of his history of earnings and that his lower income in 2001 was due to an economic downturn.[8]

It is up to the trial court to determine on a case-by-case basis the most appropriate way to average fluctuating income. Periods of one year or longer, including two, three, or four years, have been consistently approved depending on the circumstances. *Smith v. Smith*, No. M2000-01094-COA-R3-CV, 2001 Tenn. App. LEXIS 320, at *17-18 (Tenn. Ct. App. May 2, 2001) (no Tenn. R. App. P. 11 application filed). The time period to be used lies within the discretion of the trial court based upon the facts of the situation. We therefore review that decision using the deferential abuse of discretion standard of review and consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives. *Kaatrude*, 21 S.W.3d at 248.

We agree that the goal of assuring that support is set commensurate with a parent's current ability to provide that support is best served by using accurate information on recent income. However, we do not agree that this goal required the inclusion of partial information for 2001 simply because those were the most recent months. Nothing in the record provides a basis for determining, contrary to the trial court's implicit finding, that Father's income for the first six months of 2001 was a more accurate reflection of his current income than his income for the year ending six months earlier.

Similarly, the trial court's choice of the most recent three full years of income information as the basis for averaging falls within the range of acceptable alternatives. There is no proof in the record to indicate that Father's income in 1997 is more indicative of his current income than more recent years. While we do not discount the possibility that a parent could demonstrate specific circumstances making a particular year or set of years undependable for purposes of determining current actual income, we simply find no such evidence herein. The mere fact that Father's income in 1997 was lower than his income in the next three years does not demonstrate that the increases are anomalous.

The trial court's determination of the amount of support to be paid prospectively has a sufficient evidentiary foundation, was made upon appropriate legal principles, and is within the range of acceptable alternatives. Accordingly, the prospective child support obligation established by the trial court is affirmed.

## B. Retroactive Child Support

Mother's amended petition alleged that Father "hid his income from the Petitioner [Mother] and willfully in contempt of this Court's Order refused to provide proof of income on or before June

---

[8]Father's income figures show: 1996 - $37,277; 1997 - $32,274; 1998 - $58,516; 1999 - $88,255; 2000 - $88,255; 2001 - $43,118.

1st of each year" and that "such contemptuous behavior gives rise to a child support increase being set retroactively to the parties divorce decree." As a result, Mother requested that Father be "held in contempt of court for failure to show proof of his income and punished by paying an increase in child support retroactively to the date of the parties divorce decree . . . ." The amended petition also separately requested "that the court set an increase in child support retroactively to the date of the parties divorce decree. As stated previously, the trial court held that:

> the Plaintiff [Father] did not obey the Court's Order and is in contempt for not providing his income tax return since 1997. The court holds that due to his contemptuous behavior that it is equitable to award an increase in Child Support retroactively prior to the filing of the Petition until January 1, 1997. Child support of $1,300.00 per month is set retroactively to January 1, 1998. Retroactive child support for 1997 is set at $616.00 per month. This brings the Plaintiff's total retroactive child support to $54,192.00 and a judgment is hereby entered against him for said amount.

On appeal, Father argues that the trial court did not have the authority to enter a retroactive modification of child support. We agree because retroactive modification of existing child support orders is prohibited by statute:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the also known address of the opposing parties.

Tenn. Code Ann. § 36-5-101(5).[9]

The Supreme Court of Tennessee has determined that Tenn. Code Ann. § 36-5-101 prevents the retroactive modification of child support orders, stating that the language of the statute "could not be more clear. Retroactive modifications are plainly unauthorized . . . ." *Rutledge v. Barrett*, 802 S.W.2d 604, 606 (Tenn. 1991). The statute makes no distinction between retroactive increases or decreases. *Brown v. Heggie*, 876 S.W.2d 98, 101 (Tenn. Ct. App. 1993).

Since *Rutledge*, the courts of Tennessee have consistently held that retroactive modification is prohibited and have interpreted the statute as removing from the courts the power to alter a child support award as to any period of time occurring prior to the date a petition for modification is filed. *Alexander*, 34 S.W.3d at 460. *See also Bullington v. Hudson,* No. M1999-02772-COA-R3-CV, 2000 Tenn. App. LEXIS 273 (Tenn. Ct. App. Apr. 26, 2000) (no Tenn. R. App. P. 11 application filed)

---

[9]The language of this statute was adopted in order to comply with legislative requirements for eligibility to receive federal assistance. For a history of this statutory change, see *Rutledge*, 802 S.W.2d at 605-06.

(holding that the statute prohibits modification of child support prior to the date an action for modification is filed and notice given, including one based "on just what the guidelines were"); *Farley v. LeBlanc*, No. M1998-02155-COA-R3-CV, 2000 Tenn. App. LEXIS 5 (Tenn. Ct. App. Jan. 10, 2000) (no Tenn. R. App. P. 11 application filed) (stating that "an award for [child support for] the period prior to the filing of a motion or petition would constitute a retroactive modification of the child support order" in contravention of case law and Tenn. Code Ann. § 36-5-101); *Ford v. Ford*, No. 01 A01-9611-CV-00536, 1998 Tenn. App. LEXIS 703 (Tenn. Ct. App. Oct. 2, 1998) (no Tenn. R. App. P. 11 application filed) (restricting relief awarded to the actual date of filing of a petition for increased child support obligation); *Varnell v. Varnell*, No. 03 A01-9802-CH-00075, 1998 Tenn. App. LEXIS 499 (Tenn. Ct. App. July 29, 1998) (permission to appeal denied Jan. 25, 1999) (holding that an award of child support prior to the filing of the petition for modification of child support was prohibited). Thus, the trial court in the instant case did not have the authority to award a retroactive modification of child support prior to the filing of the petition for modification.

Arguments attempting to justify retroactive modifications on grounds similar to those made herein have been unavailing in view of the clear language of the statute. In *Thomas v. Thomas*, No. E2001-00191-COA-R3-CV, 2001 Tenn. App. LEXIS 779 (Tenn. Ct. App. Oct. 23, 2001) (no Tenn. R. App. P. 11 application filed) the mother sought compensatory damages for the father's breach of a marital dissolution agreement in failing to provide her with copies of his tax returns for several years and asserted those damages should be measured by the difference between the father's actual child support obligation and the amount he would have been required to pay based upon his income on the returns he did not provide. After finding that there was no authority for this type of damages for such breach, this court stated:

> Moreover, we note that in seeking these damages, Mother is in essence requesting a retroactive modification of Father's child support obligation for the four years prior to the filing of her December, 1999, petition. . . . Mother may not do indirectly what she is precluded from doing directly, that is, obtain a retroactive modification of Father's child support obligation for the years prior to the filing of her petition.

*Id*. 2001 Tenn. App. LEXIS 779, at *13-14.

The case before us does not involve an MDA, but the reasoning of *Thomas* is nonetheless instructive. Herein, Mother seeks damages or punishment for Father's failure to provide income information, an obligation imposed by prior court order rather than an MDA. The effect, however, is the same: it is an attempt to retroactively modify a prior support order. The trial court's order clearly describes its action as setting child support retroactively. The language justifying the retroactive modification on Father's contempt and upon equitable grounds does not change the nature of the award. In fact, this court has specifically held that equitable principles cannot be applied to in effect retroactively modify previous support orders. *Heggie*, 876 S.W.2d at 101.

Our courts have consistently looked to whether the effect of the order is a retroactive modification of child support. If so, regardless of the alleged basis for the order, it is prohibited by the statute. *Bullington,* 2000 Tenn. App. LEXIS 273, at \*8-9. In *Farley*, the mother argued that her request for support arrearage for years prior to the filing of her petition for modification and arrearage was merely a request for enforcement of an earlier order requiring the father to provide income information regularly and not a retroactive modification. This court rejected that argument and agreed with the trial court that increasing support prior to the petition would constitute a retroactive modification. *Id*. 2000 Tenn. App. LEXIS 5, at \*10.

In the case before us, it is clear that the trial court's award of "an increase in Child Support retroactively prior to the filing of the Petition until January 1, 1997" is a retroactive modification of support which is prohibited by Tenn. Code Ann. § 36-5-101(5). Although the order states that the increase is due to Father's contemptuous behavior in failing to comply with the prior order's requirement that he provide income information to Mother, the language of the order herein makes it clear that the judgment against Father is for retroactive support and is not a fine for contempt.[10]

Mother argues that the guidelines include a provision allowing retroactive modification in one situation and, essentially, that the guidelines trump the statute. The section of the guidelines at issue provides:

> When cases with established orders are reviewed for adjustment and the obligor fails to produce evidence of income (such as tax returns for prior years, check stubs, or other information for determining current ability to support), and the court has no other reliable evidence of the obligor's income or income potential, the court should enter an order to increase the child support obligation by an increment not to exceed ten percent (10%) per year for each year since the support order was entered or last modified.

Tenn. Comp. R. & Regs. 1240-2-4.03(3)(f).

We do not interpret this provision as authorizing an award of retroactive support. It simply provides guidance to the court in how to arrive at income in order to prospectively modify an existing obligation when the court is not furnished with evidence of income. In addition, the provision does not apply to the situation before us because Father provided to the court evidence of his income, and the Mother stipulated to that evidence. Thus, Mother cannot rely on this provision of the guidelines to justify a retroactive modification because it is not applicable and because it does not authorize such modification.

Accordingly, we vacate the order awarding Mother a judgment for retroactive child support.

---

[10]Consequently, we need not examine the validity of a contempt fine of this size under these circumstances.

III. Attorney Fees

The final issue presented for our review is the trial court's award to Mother of $1,200.00 in attorney fees. The trial court found the fees were reasonable and necessary and also found that the action was brought for the benefit of the children and, therefore, an award of fees was appropriate. By statute, custodial parents are entitled to reasonable attorney fees incurred in successfully enforcing or modifying a child support order. Tenn. Code Ann. § 36-5-103(c). Where the services of a parent's attorney benefit the child, reasonable fees are warranted. *Dalton v. Dalton*, 858 S.W.2d 324, 327 (Tenn. Ct. App. 1993). The purpose of fee awards in this instance is to protect the child's, not the parent's interests and remedies. *Sherrod v. Wix*, 849 S.W.2d 780, 785 (Tenn. Ct. App. 1992)

The statute also clearly gives discretion to the trial court to fix and allow reasonable fees. "The entire matter is subject to the discretion of the trial judge." *Deas v. Deas*, 774 S.W.2d 167, 170 (Tenn. 1989). We will not interfere with a trial court's decision to award attorney fees under Tenn. Code Ann. § 36-5-103(c) absent some abuse of discretion. *Garfinkle v. Garfinkle*, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996).

Herein, Father does not challenge the court's exercise of discretion in awarding fees to Mother, conceding that reasonable fees are warranted in this situation by Tenn. Code Ann. § 36-5-103(c). Father's claim is that there is no proof in the record to support a determination that the amount awarded was reasonable. Our review of the record reveals that no affidavit or other evidence explaining the calculation of fees was introduced into evidence, filed with the court, or otherwise included in the record before us. In addition, the statement of the evidence includes the following:

> Ms. Tinsley did not present any proof regarding the method of calculation of her requested counsel fees of $1,200.00. Counsel for Mr. Tinsley objected to the amount without some itemized record of time spent by counsel, or some other evidence of reasonableness and necessity.

Apparently, this objection did not result in proof regarding calculation of the fee. This court has addressed the type of evidence which must be presented in support of a request for attorney fees under Tenn. Code Ann. § 36-5-103(c) in *Sherrod,* stating:

> Trial courts may act upon requests for legal expenses without a fully developed record as long as the party opposing the request has been afforded a fair opportunity to cross-examine the requesting parties' witnesses and to present proof of its own on the issue.

*Sherrod*, 849 S.W.2d at 785-86.

In that case, this court found that Mr. Sherrod had not objected to the procedure used to determine the amount of fees and did not insist on cross examining Ms. Wix's lawyer or offering proof of his own. *Id.* While the appellate court found that an award of fees was justified, it did not

agree with the amount. Noting that the proof was uncontradicted as to the attorney's usual hourly fee and counsel's agreement with Ms. Wix, the court found that it had no basis to disagree with the reasonableness of the fee. However, because the documents in the record indicated that services were included in the fee award which were not related to the custody dispute for which fees were awarded, the court directed the trial court to enter an order reducing the fees.

We have no basis in the record before us to assess the reasonableness of the fees awarded except our own impression that $1,200.00 seems a reasonable amount. However, as *Sherrod* makes clear, that is not a sufficient basis for this court or the trial court to award reasonable fees. Counsel for Mother attempts to justify the amount to us by explaining in the brief the difficulty and complexity of the issues involved at trial, including the additional work required in computing support based on self-employment. While we do not question counsel's statements, they do not constitute proof. Nowhere in the record is there a statement showing the hours worked and the amount charged or proof concerning the reasonableness of a fee calculated on some other basis.

More importantly, the record does not indicate that counsel for Father had an opportunity to question or cross-examine on the computation of the amount. Again, although Mother's brief states that Father's attorney did not insist on cross-examining Mother's attorney or offer any proof, we are confined to the record. Absent a transcript, we would ordinarily presume the proof was sufficient to support the trial court's finding that the fees were reasonable. However, the statement of the evidence addresses the issue and makes the presumption inapplicable.

For these reasons, we are compelled to conclude that although the trial court correctly found that Mother was entitled to reasonable attorney fees, the proof in the record is insufficient to support a finding that the fees awarded were reasonable. Therefore, we remand the matter to the trial court to determine the amount of fees.

Mother also requests an additional award of attorney's fees on appeal. As a result of our conclusion that the trial court should not have assessed a $54,192.00 judgment against Father, he is partially successful, and therefore, we deny Mother's request for an award of her attorney's fees on appeal. *See Smith v. Smith*, 984 S.W.2d 606, 610 (Tenn. Ct. App. 1997) (holding that an award of attorney's fees incurred on appeal would not be appropriate where both parties were partially successful).

## IV. Conclusion

We affirm the decision of the trial court setting prospective child support from the date of the filing of the petition. We vacate the $54,192.00 judgment against Father as retroactive child

support. We affirm the trial court's award to Mother of reasonable attorney fees, vacate the award as to amount, and remand for a determination of a reasonable amount. The costs of the appeal are taxed equally between the parties, for which execution may issue if necessary.

_____

PATRICIA J. COTTRELL, JUDGE